UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JORGE PAVON HERNANDEZ, et al., | |
| Plaintiffs, | 20 Civ. 4741 (PAE) (OTW) |
| -v- | ORDER |
| GEMINI DINER, et al., | |
| Defendants. | |

---

PAUL A. ENGELMAYER, District Judge:

On April 6, 2022, the parties submitted a memorandum of law, Dkt. 69 ("Mem."), and a proposed settlement agreement signed by all parties, Dkt. 69-1 (the "Agreement"), along with a damages chart, Dkt. 69-2, and a sample invoice reflecting the time spent by plaintiffs' law firm litigating this action, Dkt. 69-3 ("Invoice"), in this Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and Hospitality Industry Wage Order action. On April 15, 2022, the Court requested that the parties file a letter listing the fees incurred in this litigation, Dkt. 70, and on April 22, 2022, they did so, Dkt. 71.

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

The Court approves the Agreement, with one modification as to the attorneys' fees to which plaintiffs' counsel are entitled and the subsequent distribution to plaintiffs. Under the Agreement, defendants are to pay $10,000 to plaintiffs' counsel, CSM Legal, P.C. ("CSM"). Agreement ¶ 1(c). Plaintiff Jorge Pavon Hernandez is to receive $10,000, and plaintiffs Alejandro Pavon and Alexis Bravo are to receive $5,000 each. *Id.* ¶ 2. Plaintiffs note that their counsel, CSM, is therefore to receive "one third of the recovery in this litigation." Mem. at 2.

However, a slight reduction is necessary here because the proposed fee for plaintiffs' counsel is more than one-third of the total settlement, net of costs. "Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015). Moreover, it is this Court's view that "attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement *net of costs*." *Id.* at *1 n.1 (emphasis added) (citing *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011)).

Therefore, because plaintiffs' counsel incurred $627 in costs, the Court calculates one-third of the settlement amount, net of costs, to be $9,791, rather than $10,000. The parties do not include facts indicating any reason why their fee should be above the presumptively reasonable one-third of the settlement, net of costs. Accordingly, the Court awards plaintiffs' counsel $9,791. *See, e.g., Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (reducing attorneys' fees to be one third net of costs, rather than one third of the gross settlement). The balance of the settlement amount—$209—is to be split proportionally between plaintiffs, with Jorge Pavon Hernandez to be awarded a total of

$10,104.50 and plaintiffs Alejandro Pavon and Alexis Bravo to be awarded a total of $5,052.25 each.

No other provisions cause the Court concern. The Court is satisfied that the Agreement was achieved through procedurally fair means and is fair and reasonable such that it satisfies the standard set forth in *Cheeks v. Freeport Pancake House*. Accordingly, the Court approves the Agreement. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 25, 2022
      New York, New York